IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-00195-JD |
| | ) |
| NICHOLAS LANCE SWEETEN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff United States of America seeks restitution in the amount of $962.23 from Defendant Nicholas Lance Sweeten ("Sweeten") for the decedent's funeral expenses. Mr. Sweeten filed an Objection to Imposition of Restitution [Doc. No. 186], and the government filed its Notice of Position on Restitution and Response [Doc. No. 188].

The parties jointly filed a notice of waiver of restitution hearing, signed by counsel for the parties and Mr. Sweeten. [Doc. No. 191]. For the following reasons, the Court overrules Sweeten's objection and grants the government's request to impose restitution.

**I.      BACKGROUND**

Mr. Sweeten entered a plea of guilty on November 1, 2023, to a superseding information charging drug conspiracy to distribute fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(C), and 846. [Doc. Nos. 108, 125–130, 169]. In his plea agreement with the government, the parties agreed and stipulated that for purposes of sentencing argument that the death of P.S. (the decedent) resulted from the use of fentanyl distributed by

Sweeten. [Doc. No. 127 at 6]. The parties further agreed and stipulated that the weight of fentanyl distributed was less than 4 grams. *Id.*

The parties also agreed in the plea agreement that under 18 U.S.C. § 3663(a)(3) that "as part of the sentence resulting from Defendant's plea, the Court will enter an order of restitution to all victims of Defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines." *Id.* at 3.

At the sentencing hearing on April 30, 2024, the Court varied above the advisory guideline range of imprisonment and sentenced Sweeten to thirty-months' imprisonment and five years' supervised release.[1] At the hearing, the government stated that it intended to seek restitution but that the victim's losses were not ascertainable at that time, citing to 18 U.S.C. § 3664(d)(5), and requested a hearing be set not more than 90 days out. Mr. Sweeten, through counsel, advised he had no objection to the 90-day continuance of the restitution issue. As a result, the restitution determination was deferred for 90 days, and the Court set the Restitution Hearing for July 22, 2024. *See* [Doc. Nos. 167 at 1 and 182]; *see also* [Doc. No. 169 at 6]. Upon unopposed motion by Mr. Sweeten's counsel, the Court continued the hearing to July 29, 2024. [Doc. Nos. 189 and 190].[2]

---

[1] Sweeten was charged with three other individuals who received sentences of imprisonment of 240 months (Dustin Ellis), 100 months (Pamela Payne), and 36 months (Sierra Mandrell), and all received five years of supervised release.

[2] Given the parties' waiver of hearing and given the parties agree that this Court can decide the legal issue presented by the objection without a hearing, the Court strikes the hearing reset for July 29, 2024, and issues this order.

## II. LEGAL STANDARD

Section 3664 governs how courts are to issue and enforce restitution awards. *See* 18 U.S.C. § 3663(d); *see also United States v. Salti*, 59 F.4th 1050, 1053, n.1 (10th Cir. 2023). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence," and the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e); *see also United States v. Serawop*, 505 F.3d 1112, 1117 (10th Cir. 2007) (explaining the government bears the burden of proving the loss amount). "The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant." 18 U.S.C. § 3664(e). "The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires." *Id.*

## III. ANALYSIS

Here, the government seeks restitution for the decedent's estate under 18 U.S.C. § 3663(a)(1)(A). Sweeten objects to the imposition of restitution because the government did not provide him with the amount of restitution being sought before the sentencing hearing on April 30, 2024. [Doc. No. 186 at 1–2]. He asserts that he "was made aware immediately prior to his sentencing that the United States of America would be seeking restitution on behalf of the [decedent's] family," but that he was not provided with a statement of the amount until May 21, 2024. *See id.* He asserts that the amount of restitution was ascertainable before sentencing and that neither government counsel nor the United States Probation Office notified the Court within 10 days prior to the

sentencing hearing, as required by 18 U.S.C. § 3664(d)(5). *See id.* at 2. Sweeten's objection is purely procedural in nature, and he does not object to the government's evidence supporting the restitution amount. *See* [Doc. Nos. 188-1 and 188-2].

Courts do not have inherent power to order restitution but may do so only when a statute authorizes it. *United States v. Gordon*, 480 F.3d 1205, 1210 (10th Cir. 2007). Under the Victim and Witness Protection Act ("VWPA"), a court may, in its discretion, order restitution for victims of criminal conduct. *See* 18 U.S.C. § 3663(a)(1)(A) (stating that a district court "may order" that a defendant make restitution to any victim of an offense or, if the victim is deceased, to the victim's estate). The VWPA requires courts to consider the defendant's economic circumstances before ordering restitution. *See* 18 U.S.C. § 3663(a)(1)(B)(i)(II).

"[T]he primary goal of restitution is to compensate [crime victims] for the entire losses they have suffered." *Salti*, 59 F.4th at 1056; *see also Paroline v. United States*, 572 U.S. 434, 456 (2014) (noting that "restitution is remedial or compensatory"). "Restitution must not unjustly enrich crime victims or provide them a windfall." *United States v. Ferdman*, 779 F.3d 1129, 1132 (10th Cir. 2015). To that end, a court "'may not order restitution in an amount that exceeds the actual loss caused by the defendant's conduct, which would amount to an illegal sentence constituting plain error.'" *See id.* (quoting *United States v. James*, 564 F.3d 1237, 1243 (10th Cir. 2009)). "The court need not calculate the harms with 'exact precision,' but it must set a restitution amount that is '*rooted in a calculation of actual loss*.'" *United States v. Anthony*, 942 F.3d 955, 970 (10th Cir. 2019) (quoting *Ferdman*, 779 F.3d at 1133). The Court's order of restitution

4

must be supported by the evidence, and "[s]peculation and rough justice are not permitted." *Ferdman*, 779 F.3d at 1133 (internal quotation marks and citation omitted). Section 3664 "appears to contemplate the exercise of discretion by sentencing courts in determining the measure of value appropriate to [a] restitution calculation in a given case." *James*, 564 F.3d at 1245 (quoting 18 U.S.C. § 3664(f)(1)(A), providing that a court orders "restitution . . . in the full amount of each victim's losses as determined by the court . . . .").

"[I]n determining whether to order restitution under [section 3663], [a court] shall consider—(I) the amount of the loss sustained by each victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i).

Procedural requirements, such as those in 18 U.S.C. § 3664, "are liberally construed." *United States v. Dando*, 287 F.3d 1007, 1010 (10th Cir. 2002). Where the government has not "complied with the sixty-day notice requirement of § 3664(d)(1) or with the ten-day notice requirement of § 3664(d)(5)," a district court can still enter a restitution order within the 90-day period. *United States v. Reano*, 298 F.3d 1208, 1211 (10th Cir. 2002). When the government "request[s] restitution by providing the court with the victim loss information within ninety days of sentencing," "[t]his serve[s] as the functional equivalent of the statutory procedures." *See id.* at 1212 (citing 18 U.S.C. § 3664(d)(5)). In other words, the statute itself explicitly allows for a 90-day deferral, and in practice the 90 days is often exercised by courts.

Here, the government made its intention known at the sentencing hearing, on the record, that it did intend to seek restitution, but that the victim's losses were not ascertainable at that time, citing to § 3664(d)(5). *See also* [Doc. No. 167 at 1]. Mr. Sweeten's counsel indicated, on the record, he had no objection to the 90-day deferral, nor did he offer any argument in response to the government's statement that the losses were not ascertainable at that time.

Accordingly, the Court determines restitution is appropriate despite the government not providing the amount of losses 60 days or 10 days before the sentencing hearing. The government made its intentions known at the sentencing hearing, and it provided the amount of losses on May 21, 2024. Additionally, on July 8, 2024, the government provided the Court with evidence in the form of supporting exhibits of decedent's funeral expenses. *See* [Doc. Nos. 188-1 and 188-2].

The evidence shows that decedent's funeral and related expenses totaled $4,973.90. Decedent's family received $1,125.00 in donations from their community to assist with these expenses. Since three other individuals contributed to decedent's death, the government seeks an order of restitution in the amount of $962.23, which is one-fourth of the total expenses minus donations. Thus, the Court has "information sufficient . . . to exercise its discretion in fashioning a restitution order." *See* 18 U.S.C. § 3664(a).

Therefore, the Court overrules Mr. Sweeten's procedural objection to imposing restitution. *See also United States v. Johnson*, 400 F.3d 187, 199 (4th Cir. 2005) (explaining that the 10-day notification rule and 90-day determination requirement are both "procedural only and failure to comply with them does not provide a basis for

questioning the accuracy of the restitution order, absent a showing of prejudice). Here, Mr. Sweeten offers no argument that he is prejudiced by the delay, nor did he object to the 90-day deferral at sentencing.

The Final Presentence Investigation Report [Doc. No. 139] ("PSR") reflects that Sweeten has several credit balances, but is a high school graduate with a pipeline and welding certification obtained through vocational training, and that he held steady employment with a manufacturing company prior to his arrest on the instant offense. PSR at ¶¶ 66–67, 69, 72. Mr. Sweeten is now 28 years of age and reports no physical health problems. Having considered this evidence and Sweeten's financial resources, needs, and earning ability, the Court grants the government's request. *See* 18 U.S.C. § 3663(b)(3) (stating that "in the case of an offense resulting in bodily injury [that] also results in the death of a victim," courts may require defendants to "pay an amount equal to the cost of necessary funeral and related services").

### IV. CONCLUSION

In summary, the Court overrules Sweeten's objection and grants the request of restitution. The Court therefore ORDERS Sweeten to pay restitution in the amount of $962.23 to the decedent's estate due immediately. If the ordered restitution is not paid immediately, Mr. Sweeten shall make payments of 10% of his quarterly earnings during his term of imprisonment. After release from confinement, if the restitution is not paid immediately, Mr. Sweeten shall make payments of the greater of $100.00 per month or 10% of his gross monthly income, as directed by the United States Probation Office. Due

to Mr. Sweeten's projected earning ability, the Court waives any interest that may accrue pending payment of the restitution in full.

IT IS SO ORDERED this 22nd day of July 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE